### KENTUCKY FRIED CHICKEN CORPORATION, Plaintiff,

v.

### Alfred SMITH, Defendant.

### Civ. A. No. 37016.

United States District Court,
E. D. Michigan, S. D.

Jan. 6, 1972.

Robert A. Macdonell, Wurzer, Higgins & Starrs, Detroit, Mich., Albert Robin and Frank J. Colucci of Watson, Leavenworth, Kelton & Taggart, New York City, for plaintiff.

Allan H. Tushman, Levine & Benjamin, Detroit, Mich., for defendant.

## ORDER AND JUDGMENT

FEIKENS, District Judge.

Plaintiff having moved this court for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment enjoining defendant's use of the designation "Kentucky Fried Chicken," or "Kentucky Style Fried Chicken," or "Kentucky Style Chicken," and the motion having duly come on to be heard on December 20, 1971, and the court having read the complaint and answer herein and the affidavits of Edward E. Ellis, sworn to November 24, 1971, and of Robert A. Macdonell, sworn to November 30, 1971, both in support of the motion, and due deliberation having been had thereon, and an oral opinion having been rendered on December 20, 1971,

It is ordered that plaintiff's motion for partial summary judgment enjoining defendant's use of the designations "Al's Kentucky Fried Chicken" and "Al's Kentucky Style Fried Chicken" be and the same is hereby granted.

It is further ordered that defendant advise this court and plaintiff's attorneys by January 21, 1972, of the new designation it proposes to use in place of the designations "Al's Kentucky Fried Chicken" and "Al's Kentucky Style Fried Chicken" and that, if plaintiff objects thereto, this court will retain jurisdiction over this motion for the purpose of holding a hearing to determine whether or not defendant's use of such new designation would infringe plaintiff's trade name and trademarks or constitute unfair competition with plaintiff.

It is ordered, adjudged and decreed:

1. This court has jurisdiction of this civil action for trademark infringement and unfair competition under the trademark laws of the United States and by virtue of diversity of citizenship and the amount in controversy.

2. Defendant operates a restaurant at 3252 Joy Road, Detroit, Michigan, and uses the designation "Al's Kentucky Fried Chicken" in the Detroit telephone directories and the designation "Al's Kentucky Style Fried Chicken" on his restaurant.

3. Plaintiff is the owner of the service mark and trademark KENTUCKY FRIED CHICKEN which is registered in the United States Patent Office as follows:

Registration No:

| | Issued: |
|---|---|
| 813,559 | August 23, 1966 |
| 815,167 | September 13, 1966 |
| 838,062 | October 31, 1967 |
| 838,895 | November 14, 1967 |

4. Since prior to defendant's first use of the designations "Al's Kentucky Fried Chicken" or "Al's Kentucky Style Fried Chicken," plaintiff (including its predecessors and its and their related companies) has been and now is using KENTUCKY FRIED CHICKEN as its trade name for its restaurants and take-home outlets, as its service mark for its restaurant services and as its trademark for its food products, and KENTUCKY FRIED CHICKEN has become and now is a means by which plaintiff, its services and products are known to the public and their source and origin identified.

5. Defendant's designations "Al's Kentucky Fried Chicken and "Al's Kentucky Style Fried Chicken" are confusingly similar to plaintiff's name and mark KENTUCKY FRIED CHICKEN.

6. By its use of the designations "Al's Kentucky Fried Chicken" and "Al's Kentucky Style Fried Chicken" defendant has infringed plaintiff's trade name, service mark and trademark KENTUCKY FRIED CHICKEN and has competed unfairly with plaintiff.

7. Plaintiff has not granted to defendant any license, expressed or implied, nor any permission nor any consent to use any of the designations of which plaintiff complains in the complaint.

8. Defendant, his agents, servants, employees and attorneys, and those persons in active concert or participation with them, are enjoined and restrained, effective February 1, 1972, from using, in the advertising, offering for sale and sale of food products and goods of a similar nature the designations "Al's Kentucky Fried Chicken" and "Al's Kentucky Style Fried Chicken" and any other designation which by colorable imitation or otherwise is likely to be mistaken for or confused with plaintiff's service mark and trademark KENTUCKY FRIED CHICKEN or with plaintiff's corporate and trade name, or is likely to create the erroneous impression that defendant, his retail outlets and products originate with plaintiff or are endorsed by plaintiff or are connected in any way with plaintiff, and from otherwise competing unfairly with plaintiff or infringing plaintiff's rights.

## FINAL JUDGMENT

This civil action having been commenced on August 26, 1971, and plaintiff having moved this court on December 1, 1971 for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment enjoining defendant's use of the designation "Kentucky Fried Chicken," or "Kentucky Style Fried Chicken," or "Kentucky Style Chicken," and this court having entered an Order and Judgment on January 5, 1972 granting partial summary judgment to plaintiff and enjoining, effective February 1, 1972, defendant's use of the designations he was then using, "Al's Kentucky Fried Chicken" and "Al's Kentucky Style Fried Chicken," and directing defendant to advise the court and plaintiff's attorneys by January 21, 1972, of the new designation be proposed to use in place of the designations "Al's Kentucky Fried Chicken" and "Al's Kentucky Style Fried Chicken," and defendant having moved this court on January 28, 1972 for rehearing of plaintiff's motion for partial summary judgment, and this court having entered an order making the injunction contained in its Order of January 5, 1972 effective March 1, 1972 rather than February 1, 1972, and defendant having failed to advise the court or defendant's attorneys of the new designation he proposed to use, and this court having on April 3, 1972 denied defendant's motion for rehearing, and plaintiff having waived its claim for an accounting of profits and damages and plaintiff having waived its claim for costs and disbursements, it is hereby

Ordered, adjudged and decreed:

1. Defendant, his agents, servants, employees and attorneys, and those persons in active concert or participation with them, are permanently enjoined and restrained from using, in the advertis-

ing, offering for sale and sale of food products and goods of a similar nature the designations "Al's Kentucky Fried Chicken," "Al's Kentucky Style Fried Chicken," or "Al's Kentucky Style Chicken" and any other designation which by colorable imitation or otherwise is likely to be mistaken for or confused with plaintiff's service mark and trademark KENTUCKY FRIED CHICKEN or with plaintiff's corporate and trade name, or is likely to create the erroneous impression that defendant, his retail and outlets and products originate with plaintiff or are endorsed by plaintiff or are connected in any way with plaintiff, and from otherwise competing unfairly with plaintiff or infringing plaintiff's rights.

2. Plaintiff shall recover no profits or damages.

3. Each party shall pay its own costs.